Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, NY 11106
Telephone: (347) 687-2019
Cmulhollandesq@gmail.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SANDRA URIBE,

            *Plaintiff*,

-against-

ELAHI LLC D/B/A WISE DRUGS, and ADNAN SHAHID

            *Defendants.*

------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No: 24-cv-7182**

SANDRA URIBE ("Plaintiff") by and through her attorney, Colin Mulholland, Esq., as against ELAHI LLC D/B/A WISE DRUGS and ADNAN SHAHID, (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a former employee of ELAHI LLC D/B/A WISE DRUGS at 111-05 Jamaica Avenue Richmond Hill, NY 11418 that was owned and operated by Defendants ELAHI LLC D/B/A WISE DRUGS and ADNAN SHAHID.

2. Defendants own, operate, and/or controlled a drug store and general store called Wise Drugs that they operate with the corporation ELAHI LLC D/B/A WISE DRUGS at 111-05 Jamaica Avenue Richmond Hill, NY 11418.

3. Plaintiff SANDRA URIBE was employed by Defendants as a pharmacy tech, cashier and general laborer.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours she worked each week.

5. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which she had to work over 10 hours per day.

6. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff SANDRA URIBE ("Plaintiff URIBE") is an adult individual residing in Queens, NY. Plaintiff URIBE was employed by Defendants from approximately December 2001 until February 29, 2024.

10. ELAHI LLC D/B/A WISE DRUGS is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 111-05 Jamaica Avenue Richmond Hill, NY 11418.

11. ELAHI LLC D/B/A WISE DRUGS was a closely held corporation operated by Defendant ADNAN SHAHID.

12. Defendant ADNAN SHAHID is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SAQUIB SHAHID A/K/A SAQIB SHAHID is being sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

13. Defendant ADNAN SHAHID possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

14. Defendant ADNAN SHAHID determined the wages and compensation of the employees of Defendants, including Plaintiff.

15. Defendant ADNAN SHAHID issued pay to Plaintiff.

16. Defendant ADNAN SHAHID had the power to hire and fire Plaintiff, and did so.

17. Defendant ADNAN SHAHID disciplined Plaintiff.

18. Defendant ADNAN SHAHID supervised the employees and daily operations in ELAHI LLC D/B/A WISE DRUGS.

19. Defendant ADNAN SHAHID controlled and/or supervised the payroll practices of ELAHI LLC D/B/A WISE DRUGS.

20. Defendant ADNAN SHAHID discharged Plaintiff and set her schedule.

21. Defendant ADNAN SHAHID willfully and maliciously failed to document Plaintiff's hours in order to hide their wage violations and directed the pay practices at issue in this lawsuit.

## FACTUAL ALLEGATIONS

22. Defendants are associated and joint employers, act in the interest of each other.

23. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

24. Defendants are experienced business operators and willfully and malicious failed to pay Plaintiff correctly as an intentional business practice.

25. Defendants knew or should have known of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

26. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL. In the alternative, Defendants constitute a single employer of Plaintiff based on the joint operations and ownership between the locations where Plaintiff worked for the common benefit of the Defendants.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

28. In the years 2020 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous supplies, drug items and cleaning items were used and sold daily at ELAHI LLC D/B/A WISE DRUGS., such as chemicals, medicine, paper goods, packaging and all other merchandise as well as cleaning supplies and packing supplies used by staff.

30. Plaintiff was individually engaged in interstate commerce by virtue of her processing of credit card transactions on behalf of the Defendants and ordering supplies from out of state vendors directly to the business, inter alia.

*Plaintiff SANDRA URIBE*

31. Plaintiff URIBE was employed by Defendants from approximately 2013 until February 29, 2024.

32. Plaintiff worked as a pharmacy technician and cashier.

33. Throughout her employment with defendants, Plaintiff URIBE was employed at ELAHI LLC D/B/A WISE DRUGS as a pharmacy technician and cashier.

34. Plaintiff URIBE regularly handled goods in interstate commerce, such as medicine, chemicals, paper goods and other supplies produced outside the state of New York.

35. Plaintiff URIBE's work duties required neither discretion nor independent judgment.

36. Plaintiff URIBE regularly worked in excess of 40 hours per week.

37. Between 2017 and June 2023, Plaintiff worked six (6) days per week for nine and a half hours each day from Monday through Friday and then a five-hour shift on Saturday.

38. Between June 2023 until the end of her employ, Plaintiff worked five (5) days per week for nine and half hour shifts from Monday through Friday.

39. From 2017 through February 2022, Defendants paid Plaintiff a straight time rate of $22.00 an hour for all hours worked without a premium for her overtime hours.

40. From March 2022 until the end of her employ, Defendants paid Plaintiff a straight time rate of $24.00 an hour for all hours worked without a premium for her overtime hours.

41. In addition to the above schedules, in 2021, 2022 and 2024, Defendants operated without a pharmacy supervisor and Plaintiff URIBE often had to work longer shifts and on average an additional ten (10) hours per week on between two to three weeks per month.

42. No notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

43. Defendants never provided Plaintiff with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

44. Defendants never provided Plaintiff URIBE, any notice in English and in Spanish (Plaintiff URIBE's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

45. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

47. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

48. Plaintiff were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. At all times relevant to this action, Defendants were Plaintiff URIBE's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff URIBE, controlled the terms and conditions of her employment and had the power to determine the rate and method of any compensation in exchange for her employment.

51. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

52. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

53. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

54. Defendants' failure to pay Plaintiff URIBE at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

55. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

58. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

59. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

60. Plaintiff URIBE repeats and realleges all paragraphs above as though fully set forth herein.

61. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

62. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff URIBE less than the minimum wage.

63. Defendants' failure to pay Plaintiff URIBE the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

64. Plaintiff URIBE was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

67. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

68. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

69. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

70. Defendants failed to provide Plaintiff with written notices, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

71. Defendants failure to provide Plaintiff with a written notice resulted in Plaintiff working for years without knowledge of their correct pay frequency and overtime rate.

72. Because Plaintiff did not receive required information in the form of a notice containing their correct overtime rate Defendant, was able to pay them without proper overtime premium.

73. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying the overtime wage.

74. Plaintiff was denied their ability to proper document their hours worked and pay received and their ability to document their income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

75. Plaintiff has also been denied the ability to properly document their employment and income history

76. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

77. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

78. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

79. Defendants failure to provide Plaintiff with a written notice resulted in Plaintiff working for years without knowledge of their correct pay frequency and overtime rate.

80. Because Plaintiff did not receive required information in the form of a notice containing their correct overtime rate Defendant, was able to pay them without proper overtime premium.

81. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying the overtime wage.

82. Plaintiff was denied their ability to proper document their hours worked and pay received and their ability to document their income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

83. Plaintiff has also been denied the ability to properly document their employment and income history

84. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as

to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent

(100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
October 11, 2024

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*