UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SANDRA URIBE,

                     Plaintiff,

           -against-                        **<u>SCHEDULING ORDER</u>**
                                             24 CV 7182 (CLP)

ELAHI LLC, ET AL.,

                  Defendants.
--------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        The parties in this case are directed to appear for an **INITIAL CONFERENCE** as follows:

                    DATE:            **APRIL 30, 2025**

                    TIME:            **10:15 AM**

                    LOCATION:    Initial conference will proceed via CISCO conference call.

                                     Please dial 571-353-2301 at 10:15 AM

                                     Enter Meeting ID: 022-788-537

        Plaintiff's counsel is respectfully directed to confirm that all parties or their attorneys have received this Order and are aware of the conference.

**A. Attorney Attendance Required**

        To ensure that the initial conference is meaningful and serves its purpose under the Federal Rules of Civil Procedure, an attorney who has entered an appearance on ECF and who is familiar with the details of the case must appear at the initial conference. The Court does not permit *per diem* or contract attorneys to appear at initial conferences, unless such attorneys

possess the requisite familiarity and authority with respect to the case and intend to assume the obligations attendant to appearance.  See L. Civ. R. 1.4.  The Court does, however, encourage the participation of relatively inexperienced attorneys, so long as they possess the authority to commit the client to a discovery schedule.

## B.  Adjournments

Any request for an adjournment <u>must</u> be in writing and filed electronically on ECF as a "Motion to Adjourn Conference"[1] **at least two (2) full business days** prior to the scheduled matter.  All requests must indicate:  the original date; the reason for the request; the amount of additional time needed or a proposed date; the number of previous requests for adjournment by any party; whether all other parties consent and, if they do not, the reason given.  The Court will transmit any ruling via  the CM/ECF system only.

## C.  Rule 26(f) Meeting

As required by the Federal Rules of Civil Procedure counsel shall, as soon as possible and in any event at least 14 days before the Initial Conference, meet to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement, arrangements for their initial disclosures under Rule 26(a)(1), and the contents of a proposed discovery plan, including the matters set forth in Rule 26(f)(3)(A)-(F).  See Fed. R. Civ. P. 26(f).

To assist the parties in complying with the requirements of Rule 26(f)(2) and (3), the Court has attached an Initial Conference Questionnaire that sets forth topics the parties should discuss at their meeting.  The proposed discovery plan may, but need not, be filed on the ECF

---

[1] In the ECF Civil Events menu, select the *Motions* category and then select the *Adjourn Conference* event.  For assistance with docketing, contact the Clerk of the Court's Docketing Section at (718) 613-2610.

system using the *Report of Rule 26(f) Planning Meeting* category available under *Other Documents* in the *Civil Events* menu.

### D.  Mandatory Initial Disclosures

The parties are reminded that Rule 26 of the Federal Rules of Civil Procedure requires the parties to provide certain information and documents to the other parties without awaiting a discovery request.  <u>See</u> Fed. R. Civ. P. 26(a)(1)(A).  It is expected that all mandatory disclosures will have been made prior to the Initial Conference.  <u>See</u> Fed. R. Civ. P. 26(a)(1)(C).  If the parties are unable to exchange initial disclosures prior to the conference, they should be prepared to discuss the anticipated time required to complete exchanging initial disclosures with the Court.

### E.  Important Requirements

It is the responsibility of ALL parties to confirm that their contact information is correct at the time of filing the Complaint or Answer, and to monitor the status of their cases in order to avoid missing court appearances or deadlines.  The parties must also promptly send written notice to the judge, the Clerk of the Court, and counsel for all other parties of any changes in mailing address, e-mail address, and/or telephone number.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  Brooklyn, New York
      March 3, 2025

                                  /s/ Cheryl L. Pollak
                                  Cheryl L. Pollak
                                  United States Magistrate Judge
                                  Eastern District of New York

Docket No.:_____

## **<u>INITIAL CONFERENCE QUESTIONNAIRE</u>**

1.    Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made:

2.    If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number of:  plaintiff(s) _____ and defendant(s)

3.    Number of depositions by plaintiff(s) of: parties _____ non-parties

4.    Number of depositions by defendant(s) of:       parties _____ non-parties

5.    Date for completion of factual discovery:

6.    Number of expert witnesses of plaintiff(s):  ____ medical  _____ non-medical

         Date for expert report(s):

7.    Number of expert witnesses of defendant(s):  ____ medical  _____ non-medical

         Date for expert report(s):

8.    Date for completion of expert discovery:

9.    Time for amendment of the pleadings by plaintiff(s)
or by defendant(s)

10.   Number of proposed additional parties to be joined by plaintiff(s) ___ and by defendant(s) ____ and time for completion of joinder:

11.   Types of contemplated dispositive motions:       plaintiff(s):
                                        defendant(s):

12.   Dates for filing contemplated dispositive motions:        plaintiff(s):
                                        defendant(s):

13.   Have counsel reached any agreements regarding electronic discovery?  If so, please describe at the initial conference.

14.   Have counsel reached any agreements regarding disclosure of experts' work papers (including drafts) and communications with experts?  If so, please describe at the initial conference.

15.   Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. '636(c)?  (Answer no if any party declines to consent without indicating which party has declined.) *
Yes ___   No
_____
**\* The fillable consent form may be found at <u>https://img.nyed.uscourts.gov/files/forms/MJConsentForm.pdf</u>
and may be filed electronically upon completion prior to the initial conference, or, brought to the initial
conference and presented to the Court for processing.**

**INDIVIDUAL PRACTICES AND RULES OF
MAGISTRATE JUDGE CHERYL L. POLLAK**

U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Chambers: Room 1230 | Courtroom: 13B South
Telephone: (718) 613-2360

Unless otherwise ordered in a specific case, matters before Judge Pollak shall be conducted in accordance with the following rules and practices:

<u>Electronic Case Filing</u>

**F. Mandatory Electronic Case Filing.**

Pursuant to the Local Rules of the Eastern District, all submissions must be made via the Electronic Case Filing system (the "ECF system"). All papers must bear the docket number for the case followed by the initials of the assigned District Judge, followed by Judge Pollak's initials (CLP). **DOCUMENTS NOT FILED ELECTRONICALLY WILL NOT BE CONSIDERED BY THE COURT.** Attorneys will receive notifications from the Court electronically and will not receive hard copies by mail. CM/ECF or docketing questions should be directed to the Clerk of the Court's Docketing Section at (718) 613-2610.

**G. *Pro Se* Parties Exempt**

*Pro se* parties are automatically exempt from mandatory electronic filing. However, parties represented by counsel in *pro se* cases must file all submissions electronically and mail the submission to the *pro se* litigant.

**H. Courtesy Copies**

Except as set forth below, the Court requires courtesy copies of any submission filed electronically consisting of ten (10) or more pages (including exhibits), which should be mailed or delivered to chambers in hard copy, single-sided. Do not submit courtesy copies by fax. All courtesy copies <u>must</u> bear the docket stamp applied by the CM/ECF system and must be bound securely on the left margin in a manner that permits the documents to lie reasonably flat when open. Exhibits must be tabbed and bound separately from memoranda of law. Do <u>not</u> provide courtesy copies of the following: pleadings, such as a complaint or answer; filings directed exclusively to the assigned district judge, including dispositive motions that have not been referred; and exhibits that exceed 1,000 total pages.

**I. Notice of Appearance Required**

Prior to appearing at a conference or signing papers in a matter before Judge Pollak, an attorney <u>must</u> file a Notice of Appearance using their own ECF credentials. The Notice of Appearance shall include a current e-mail address and direct-dial telephone number. Attorneys

may update their contact information by filing under the *Notice of Change of Address/Firm/E-mail* event located under "Other Filings" in the Civil Events menu.

<u>Communications with Chambers</u>

**Letters**

   Except as provided below, all communications with chambers shall be by letter filed electronically on ECF, with copies delivered simultaneously to all parties and counsel of record. Any letter requesting Court intervention, including adjournments or extensions of time, <u>must</u> be filed under the "Motions" category on ECF, and not the "Letter" category available under "Other Filings."  Counsel should <u>only</u> call chambers if a letter or other filing raises a matter that urgently requires the Court's attention and only on the business day it is filed after filing the letter on ECF.

**J.  Telephone Calls and Case Related Inquiries**

  1.  <u>Review the Updated Docket Sheet</u>

   Prior to contacting chambers with questions regarding a case, an attorney <u>must</u> review the current docket sheet available on ECF.

  2.  <u>Status of Motions and Orders</u>

   Attorneys and their staff may not call chambers to inquire when the Court will rule on a motion or other request.  If there are extraordinary circumstances that warrant expediting resolution of a particular motion, counsel may file a letter on ECF explaining the circumstances that merit such treatment.

  3.  <u>CM/ECF or Docketing Questions</u>

   All questions regarding CM/ECF or docketing should be directed to the Clerk of the Court's Docketing Section at (718) 613-2610.

  4.  <u>Criminal Matters</u>

   Criminal matters—such as initial appearances, arraignments, and bond hearings—generally are handled by the duty magistrate judge; inquiries regarding such matters should be directed to the Magistrate Clerical Department at (718) 613-2620.

  5.  <u>All Other Calls</u>

   All telephone calls concerning calendar matters or case status in criminal or civil matters before Judge Pollak should be directed to chambers at (718) 613-2360.  **Please be ready to provide the docket number of the case about which you are calling.**

## K.  Faxes

Faxes to chambers are not permitted without prior authorization.  Even if permission is granted, submissions made by fax do not satisfy the requirement that documents be filed on ECF or by another method allowed by the Clerk of the Court.

<u>Calendar Matters and Adjournments</u>

### Adjournments and Extensions

All requests for adjournments or extensions must be in writing and filed  electronically as a letter motion **at least two (2) business days** prior to the scheduled matter.  All requests must indicate:  the original date; the reason for the request; the amount of additional time needed or a proposed date; the number of previous requests for adjournment or extension by any party; whether counsel has conferred with all other parties and, if not, why counsel has been unable to do so; whether all other parties consent and, if they do not, the reason given.  The requesting party shall confer with the other parties  and, whenever possible, obtain consent before contacting chambers with requests for extensions,  adjournments, and the scheduling of conferences.  The Court will transmit any ruling via  the CM/ECF system.

<u>Conferences</u>

Counsel shall appear promptly for all pre-trial conferences, prepared and authorized to discuss progress in the case, scheduling of further proceedings, and possible settlement.  Civil conferences may be adjourned upon approval by the Court, provided that the Court is notified  in writing by electronic filing **at least two (2) business days** prior to the scheduled  conference.

### Initial Conferences

#### Rule 26(f) Conference

Pursuant to Fed. R. Civ. P. 26(f), counsel shall, as soon as possible and in any event at least 21 days before an initial conference is scheduled, meet to discuss the nature and basis of their  claims and defenses, the possibilities for a prompt settlement, arrangements for their initial disclosures under Rule 26(a)(1), and the contents of a proposed discovery plan, including the matters set forth in Rule 26(f)(3)(A)-(F).  The proposed discovery plan may, but need not, be filed on the ECF system using the *Report of Rule 26(f) Planning Meeting* category available under *Other Documents* in the *Civil Events* menu.

1.  <u>Attorney Attendance Required</u>

To ensure that the initial conference is meaningful and serves its purpose under the Federal Rules of Civil Procedure, an attorney who has entered an appearance and who is familiar with the details of the case must appear at the initial conference.  The Court does not permit *per diem* or contract attorneys to appear at initial conferences unless such attorneys possess the requisite familiarity and authority with respect to the case and intend to assume the obligations attendant to appearance.  <u>See</u> Local Civ. R. 1.4.  The Court does, however, encourage the participation of relatively inexperienced attorneys, so long as they possess the authority to commit the client to a discovery schedule.

**L.  Telephone Conferences**

For conferences conducted by telephone, the parties must call the dial-in number provided in the Scheduling Order ahead of the conference.

**M. Settlement Conferences**

Clients are generally required to appear for settlement conferences, unless otherwise Ordered by the Court.  When a client cannot attend in person, the Court should be notified and counsel who appears must either have settlement authority or be able to contact a client with settlement authority during the conference.  The parties may submit papers explaining their settlement positions to the Court on an *ex parte* basis by filing them on ECF as an *ex parte* submission or delivering the papers to chambers at least two (2) business days in advance of the conference.  Such submissions are not required unless Ordered by the Court.

Discovery

**Deposition Problems**

Parties encountering deposition disputes should first make every effort to resolve the dispute among themselves.  In the event a satisfactory resolution cannot be reached, the parties are directed to contact the Court immediately by telephone.  The Court will either resolve the matter or instruct the parties to move on to other issues in the deposition until such time as the Court can address the dispute.  Under no circumstances should the parties discontinue the deposition without first attempting to contact the Court.

**N.  Discovery Motions**

Parties experiencing problems with discovery must, prior to filing any formal motions, submit to both the Court and any opposing parties a letter motion under Local Civil Rule 37.3, detailing the issues involved.  If the dispute requires Court review of document requests, interrogatories, or responses thereto, the moving party shall attach a copy of the relevant documents to its letter.  Unless the Court sets a different schedule, opposition parties must respond, also by letter, within five (5) business days of receipt of the movant's letter.  Any reply must be submitted within three (3) business days of a response.  No sur-replies will be accepted without prior permission.  The Court may schedule a conference  or direct the filing of a formal motion thereafter, if necessary.

Motion Procedures And Rules (Non-Discovery)

**Motion Rules at a Glance**

| | |
|---|---|
| <u>Pre-Motion Conferences</u>: | Not required. |
| <u>Briefing Schedule</u>: | Follow Local Civil Rule 6.1(b). |
| <u>Oral Argument</u>: | Yes, at a party's request. <u>See</u> Rule VI(C). |
| <u>Courtesy Copies to Chambers</u>: | Yes, if the submission (including any exhibits) exceeds ten (10) pages.  <u>See</u> Rule I(C) for instructions on the appropriate format of courtesy copies. |

**Formatting, Return Dates, Briefing Schedules**

The Notice of Motion shall <u>not</u> contain a return date, but rather shall state that the return date will be set by the Court.  Briefs and other moving papers must comply with the formatting requirements of Local Civil Rule 11.1, which requires that all text be 12-point type or larger and that all documents have at least one-inch margins on all sides.  Unless prior permission has been granted by the Court, memoranda of law in support of or in opposition to a motion are limited to 25 pages, not including appendices or attachments, and reply memoranda are limited to 10 pages, not including appendices or attachments.  Memoranda of 10 pages or more shall include a table of contents and a table of authorities.  All moving papers must be served on all parties.  Unless otherwise ordered by the Court, the briefing schedule set forth in Local Rule 6.1(b) applies to all motions other than discovery motions.  Supplemental briefs will not be accepted unless requested by the Court.

If an extension of time is necessary, the parties should seek to agree to a revised schedule and request approval from the Court by letter.  If the parties cannot agree on a revised schedule, either party may contact the Court in writing and the Court will consider the proposed schedule.

**O.  Oral Argument**

Any party may request a date for oral argument.  The Court will make special efforts to hold oral argument where a party indicates that a junior attorney will argue the motion.  <u>See</u> Rule VII, <u>infra</u>.  Once scheduled, oral argument may be adjourned once with the consent of all parties, provided that the Court is notified in writing by ECF filing, no later than two (2) business days prior to the scheduled argument.

**P.  Courtesy Copies**

Yes.  <u>See</u> Rule I(C), <u>supra</u>.

**Q.  Motions Referred**

Upon referral of a motion by a district judge, the parties shall submit courtesy copies to chambers that comply with Rule I(C).

<u>Opportunities for relatively inexperienced attorneys</u>

The Court strongly and actively encourages junior lawyers and relatively inexperienced attorneys who are familiar with the matter under consideration to participate at all stages of

litigation, including initial conferences, status conferences, settlement conferences, motion hearings, and trials.  In proceedings of substantial complexity, junior lawyers should be accompanied and supervised by a more experienced attorney.

       The Court will make special efforts to hear oral argument on motions where a party indicates, in its request for oral argument, that a junior lawyer will argue the motion.  The Court normally expects that only one attorney per party will present on a particular issue at hearings.  However, to increase participation by junior attorneys, the Court will allow more senior attorneys to follow up on or to clarify any issue presented by a junior attorney.

Pre-Trial Orders

       A pre-trial order template is attached for the parties' use.

Other Practices

**Interpreter Services**

       Interpreter services are generally not provided by the Court in civil cases.  If a party speaks a language other than English, the party must make their own arrangements to conduct their case in English.  A party may bring an English-speaking friend or family member to court conferences.  However, persons acting as interpreters must translate exactly what is said; they may not speak for or advocate for the party.

**R.  Change of Address**

       Parties shall keep the Court apprised of their current address and telephone number.  If a party changes address, the party shall immediately notify the Court and all other parties in writing.

**S.  Strict Compliance**

       Strict compliance with these rules, the Federal Rules of Civil Procedure, and the Local Rules of the Eastern District of New York is required.  Papers not in compliance with any relevant rule will not be considered in the absence of extraordinary circumstances.

**T.  Deprivation of Substantive Rights, Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time-Limiting Rules:  Compliance Excused**

       If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
_____,

                        Plaintiff(s),

            -against-                                    **PRE-TRIAL ORDER**
                                                        ___ CV _____ (CLP)

_____,

                        Defendant(s).
------------------------------------------------------------ X

**POLLAK**, United States Magistrate Judge:

On or before _____, the parties shall file a proposed pre-trial order which shall control the subsequent course of this action unless modified by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.  The pre-trial order shall include:

(1)    The full caption of the action;

(2)    The names, addresses (including firm names), and telephone and fax numbers of trial counsel;

(3)    A brief statement by plaintiff(s) as to the basis of subject matter jurisdiction, and a brief statement by every other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

(4)    A brief summary by each party of the claims and defenses that the party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

(5)    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

Rev. February 2025

(6)      Any stipulations or agreed statements of fact or law which have been agreed to by all parties;

(7)      A list by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown;

(8)      A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party;

(9)      A statement of stipulated facts, if any;

(10)     A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them.  The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party.  Parties are expected to resolve before trial all issues of authenticity, chain of custody, and related grounds.  Meritless objections based on these grounds may result in the imposition of sanctions.  Only exhibits listed will be received in evidence except for good cause shown; and

(11)     All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial.  Where exhibits are voluminous, they should be placed in binders with tabs.

**Filings Prior to Trial in Civil Cases.** Unless otherwise specified or ordered by the Court, the below-mentioned documents shall be filed at least thirty (30) days prior to the start of trial.

      (1) <u>Filings in All Trials:</u>

            a) By claim, a detailed statement regarding damages and other relief sought;

            b) Motions addressing any evidentiary or other issues which should be resolved <u>in limine</u>;

            c) <u>Hearsay evidence.</u> The parties shall identify any material to be relied upon pursuant to Rule 803(18) of the Federal Rules of Evidence. Notice pursuant to Rules 803(23) and 807 of the Federal Rules of Evidence shall be given at the same time.

      (2) <u>Filings in Jury Trials:</u>

            a) Requests to charge, with citations of authorities, and proposed voir dire questions shall be filed on the Thursday before trial. Requests to charge should be limited to the elements of the claims, the damages sought, and defenses. General instructions will be prepared by the Court.

            b) Proposed verdict forms, special verdict forms, and proposed special interrogatories to the jury, if applicable.

      (3) <u>Filings in Bench Trials:</u>

            a) A statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

            b) Each party shall submit copies of proposed exhibits;

            c) Each party shall submit proposed findings of fact and conclusions of law, not to exceed fifteen pages, absent prior approval of the Court.

It is certified that the attorneys in this case shall be required to appear in this

Court for trial on _____ at _____ a.m./p.m.

**SO ORDERED.**

Dated: Brooklyn, New York
            _____, 20____

_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

Rev. February 2025