# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

April 13, 2025

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Cheryl L. Pollak, U.S.M.J..
225 Cadman Plaza East
Brooklyn, NY 11201-1804

> *Re:*   **Uribe v. Elahi LLC, *et ano.***
>        **Case No.: 1:24-cv-7182 (CLP)**

Dear Judge Pollak:

This firm represents the Defendants in this case, who respectfully submit this letter motion to respectfully request a pre-motion conference[1] in anticipation of Defendants' motion to dismiss Plaintiffs' Complaint ("<u>Compl.</u>"), ECF Docket Entry <u>1</u>, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").  Defendants provide the basis of their anticipated motion below.

## Relevant Background

On October 11, 2024, Plaintiff Sandra Uribe (hereinafter "Uribe" or "Plaintiff") filed the instant complaint in this case.  <u>See</u> Docket Entry <u>1</u>.  The complaint asserts causes of action under: (i) the Fair Labor Standards Act ("FLSA") for failure to pay overtime and minimum wages; (ii) New York Labor Law ("NYLL") for failure to pay minimum wages and overtime, failure to pay spread of hours compensation, failure to provide pay stubs / wage notices and recordkeeping failures.  <u>See Id.</u> at ¶¶ 45-84.

## This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim

Plaintiff alleges that she was an employee of a pharmacy owned by Defendants.  <u>See</u> <u>Compl.</u> at ¶¶ 31-32.  She alleges that she was paid based on hourly rate and was not compensated for all hours worked.  <u>See Id.</u> at ¶¶ 39-40.  She claims, without any facts in support, that she was not paid overtime pay when she worked more than forty (40) hours in a week.  <u>See Id.</u>  The complaint fails to allege how much Plaintiff was paid, other than allegations that she was generally paid either $22.00 or $24.00 per hour, with no allegation as to how many hours Plaintiff worked in single any week such that any alleged underpayment could be divined.  <u>Id.</u> at ¶¶ 37-40.

Plaintiffs' allegations of hours worked are made in the aggregate, and are approximated.  <u>Id.</u> at ¶¶ 37-38.  As set forth below, this is wholly insufficient to state a claim under the FLSA.

---

[1] While this Court's Individual Practices and Rules provide that no pre-motion conference is required, Defendants' motion is dispositive by nature and would be decided by the District Judge; however, pursuant to Administrative Order 2023-23, no District Judge has yet been assigned.  As such, the Defendant submits this letter motion as is required by virtually every District Judge in this Court.

Hon. Cheryl M. Pollak, U.S.M.J.
April 13, 2025
P a g e | **2**

## Legal Standard

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

## The Complaint Should be Dismissed for Failure to State a Claim

Here, Plaintiff fails to remotely meet the plausibility standard required to state a claim for their causes of action under the FLSA for overtime payments. She fails to identify a single week in which she worked and was not paid at least the minimum wage or any overtime compensation. In fact, accepting her allegations as true, the second and fourth causes of action, asserting that she was paid less than the minimum wage under federal and state law, respectively, must be dismissed. See Castillo v. Hollis Delicatessen Corp., No. 1:22-CIV.-5476 (AMD) (PK), 2024 WL 4111108, at *6 (E.D.N.Y. Aug. 22, 2024), report and recommendation adopted, 2024 WL 4107258 (E.D.N.Y. Sept. 6, 2024) ("The federal minimum wage has been $7.25 since July 24, 2009. … Because Plaintiff was paid above that amount throughout her employment, Defendants did not violate the FLSA's minimum wage requirement").

Accordingly, Plaintiffs' wage-and-hour claims must be dismissed for failure to state a claim.

Further, the claims against the individual defendant must be dismissed because the complaint only makes conclusory allegations that he hired, fired, set wages and schedules, as well as maintained employment records, without more. This is not enough to state a claim against an individual as an employer. See Inclan v. New York Hosp. Group, Inc., 95 F Supp 3d 490, 507 (S.D.N.Y. 2015) (setting forth standard to determine individual liability under the FLSA).

Finally, this Court should decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims.

Accordingly, Defendants' letter motion for a pre-motion conference should be granted.

Hon. Cheryl M. Pollak, U.S.M.J.
April 13, 2025
P a g e | **3**

      Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
      April 13, 2025             Respectfully submitted,

                                          **SAGE LEGAL LLC**

                                          *__/s/ Emanuel Kataev, Esq._____*
                                          Emanuel Kataev, Esq.
                                          18211 Jamaica Avenue
                                          Jamaica, NY 11423-2327
                                          (718) 412-2421 (office)
                                          (917) 807-7819 (cellular)
                                          (718) 489-4155 (facsimile)
                                          emanuel@sagelegal.nyc

                                          *Attorneys for Defendants*
                                          *Elahi LLC d/b/a Wise Drugs*
                                          *nd Adnan Shahid*

**VIA ECF**
Colin Mulholland, Esq.
3636 33rd Street, Suite 308
Astoria, NY 11106
cmulhollandesq@gmail.com

*Attorneys for Plaintiff*
*Sandra Uribe*