# Law Offices of Colin Mulholland

Employment and Civil Litigation

36-36 33rd Street  
Suite 308  
Astoria, NY 11106

Telephone: (347) 687-2019  
cmulhollandesq@gmail.com

April 21, 2025

The Honorable Hector Gonzalez  
United States District Judge for the  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

        Re:    *Uribe v. Elahi LLC et al.*,  
               Docket No.: **24-cv-7182**

Your Honor,

    Plaintiff writes to formally respond to the pre-motion letter submitted by Defendants for motions to dismiss.

    While Plaintiff contends his pleadings are more than sufficient under existing case law, Plaintiff respectfully requests leave to file an Amended Complaint on or before April 25, 2025 amplifying the Plaintiff's existing allegations in response to their pre-motion letter. There have been no prior amendments.

    To the extent the Court declines to grant Plaintiff leave to amend, Plaintiff submits the below authorities requesting that Defendants' motion be denied at this stage.

    Plaintiff has made extremely detailed allegations regarding her compensable hours, pay rate, term of employ and the individual Defendants' operational control of Plaintiff's employment from which a trier of fact can infer a plausible and calculable claim for missing overtime wages. Any further degree of specificity would be unnecessary and impossible given the Defendant's lack of record keeping.

    **1.  Pleading Standards for Hours Worked:**

    The Second Circuit recently revisited their holdings on this issue to emphasize that FLSA plaintiffs are not required to plead with forensic specificity: "While it is true that we have

Hon. Hector Gonzalez
October 18, 2023
Page 2

"declined to make an approximation of overtime hours a necessity in all cases," we have suggested that "an approximation 'may help draw a plaintiff's claim closer to plausibility.'" Dejesus, 726 F.3d at 88 (quoting Lundy, 711 F.3d at 114 n.7). But we have also taken care not to foreclose relief to plaintiffs who neglected to keep "careful records" of the hours they worked. Dejesus, 726 F.3d at 90. Thus, none of the three decisions requires plaintiffs who plausibly allege that they worked in excess of forty hours for multiple weeks without overtime pay to provide a week-by-week recounting of the hours they worked. […] The Complaint alleges that the Plaintiffs' regularly scheduled work hours consisted of five shifts each week, and that each shift lasted between eight and three-quarter hours and nine hours, amounting to between 43.75 hours and 45 hours of work per regular week. That allegation itself gets us 'beyond forty hours in any given [work]week, and therefore to a plausible claim of overtime.' Dejesus, 726 F.3d at 89. Other allegations in the Complaint likewise independently support the claim that the Plaintiffs' regular workweek exceeded forty hours and that they were thus entitled to overtime." **Herrera v. Comme Des Garcons, Ltd**., 84 F.4th 110, 115, 2023 U.S. App. LEXIS 27385, *10-12, 2023 WL 6798604

"Here, the Plaintiffs are not merely claiming that they "occasionally," "typically," or "regularly" worked more than 40 hours in some weeks. Rather, the Second Amended Complaint alleges that the Plaintiffs worked 50-55 hours during every single week of their employment. ECF 29 ¶¶ 13, 22. From August 3, 2013 through July 22, 2017, Kuck worked 10 hours each day, with a half hour meal break, six days a week without receiving overtime compensation. *Id.* ¶¶ 6, 11-12. From October 13, 2014 through January 15, 2017, Juliano worked 11 hours a day, with a half hour meal break, each week, and one or two additional five-hour days per month without receiving overtime compensation. *Id.* ¶¶ 15, 20-21. In other words, the Second Amended

Hon. Hector Gonzalez
October 18, 2023
Page 3

Complaint claims that every week between August 3, 2013 and [**13] July 22, 2017, for Kuck, and every week between October 13, 2014 and January 15, 2017, for Juliano, constitutes a "given workweek" for which they are entitled to overtime pay. These allegations clearly satisfy the Second Circuit's edict that a complaint contain specificity as to as to uncompensated hours worked during a particular week. […]

Applying Lundy, Nakahata, and DeJesus as the Defendants suggest would produce an anomalous result. Plaintiffs would be unable to pursue claims for FLSA overtime violations based on allegations that their employer systematically denied them overtime pay over the course of their entire employment. The Second Circuit certainly could not have intended such an outcome, as it would deny relief to the plaintiffs most worthy of an FLSA claim" **Kuck v. Planet Home Lending, LLC**, 354 F. Supp. 3d 162, 168, 2018 U.S. Dist. LEXIS 207142, *12-13, 16 2018 WL 6437065.

"The Court here finds that Plaintiff's complaint sufficiently states a claim for an overtime violation under the FLSA and NYLL. Plaintiff's complaint details the shift hours and typical hours worked in a given week, which total over forty, during the course of specified periods of time at the two locations where he worked. Cmplt. ¶¶ 25-28. The Court finds a "plausible" claim for overtime has been stated, and denies Defendants' motion to dismiss those claims." **Louie v. Bed Bath & Beyond, Inc.**, 2016 U.S. Dist. LEXIS 81901, *5.

"These allegations provide more factual context than those of the plaintiffs in the above-cited Second Circuit decisions: Humphrey asserts that he had a scheduled workweek consisting of four ten-hour shifts, but was also required to arrive early to each shift for specific reasons, and he believes this uncompensated time averaged out to two and one-half hours per week. While he does not isolate any particular week, his claim appears to be that he was never paid for early-

arrival time. It is plausible that RAV required guards to arrive early at 48 West, and because Humphrey's alleged overtime hours "were worked pursuant to the defendants' policies, . . . the court may reasonably infer that such practices occurred as a matter of course throughout the relevant period," [*citation omitted*] In sum, Humphrey has adequately pleaded FLSA and NYLL overtime claims for those workweeks when he was required to arrive early" **Humphrey v. RAV Investigative & Sec. Servs.**, 169 F. Supp. 3d 489, 497, 2016 U.S. Dist. LEXIS 31780, *16-17, 2016 WL 1049017

   2. **Pleading Standards Regarding Pay Rate:**

Defendants posit that Plaintiff is obligated to allege that a certain regular rate was agreed to by the parties. Defendants rely on a 1945 Supreme Court case - **Walling v. Youngerman–Reynolds Hardwood Co**., 325 U.S. 419, 424-25 (1945) that has long since been superseded by statute.

"Since the Supreme Court's opinion in **Walling v. Youngerman-Reynolds Hardwood Co.**, Congress has amended the FLSA to include a description of regular rate, see 29 U.S.C. § 207(e) (stating that "the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee," with eight statutory exceptions),50 and the interpretive bulletins have incorporated the Supreme Court's definition[.]" **Corman v. JWS of N.M., Inc**., 356 F. Supp. 3d 1148, 1181-1182, 2018 U.S. Dist. LEXIS 194051, *57-58, 2018 WL 5981614

The Amended Complaint explicitly states in Paragraphs 39 and 40 that Defendants set Plaintiff's pay rate without a premium for her overtime hours at $22.00 from 2017 through February 2022 and then at $24.00 from March 2022 until the end of her employ.

   3. **Individual Liability:**

Hon. Hector Gonzalez
October 18, 2023
Page 5

Plaintiff sets forth in Paragraphs 11-21 numerous extremely specific and unique factual allegations regarding Defendant Shahid's operational control of the Plaintiff. This is a small business with one owner-operator – Defendant Shahid – that is no credible way anyone other than he could be the employer of Plaintiff.

"Of particular relevance here, courts have found that ownership in a closely held corporation strongly suggests an employer-employee relationship under the FLSA. *[citing a list of similar cases]*." **Yingcai Hong v. Mito Asian Fusion**, 2021 U.S. Dist. LEXIS 226061, *7-8, 2021 WL 5409267.

"Here, the Second Amended Complaint's allegations regarding the second and third *Carter* factors, coupled with Ms. Krysiak's status as the sole shareholder of a closely held corporation, are sufficient to allege plausibly that Ms. Krysiak was in a position of authority and control over the Corporate Defendant and had control over its daily operations. *[citation omitted]* Specifically, plaintiffs allege in the Second Amended Complaint that Ms. Krysiak is the sole shareholder of the Corporate Defendant and provides specific examples of Ms. Krysiak exercising authority over plaintiffs-employees on a regular basis and controlling their work schedules.

These facts are sufficient to demonstrate that Ms. Krysiak had operational control over the Corporate Defendant's employees sufficient to create an employer-employee relationship. *[citing cases]*." **Zimnicki v. Krysiak Constr. Corp**., 2023 U.S. Dist. LEXIS 153602, *15-17

Respectfully Submitted,

/s/ Colin Mulholland, Esq.