Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, NY 11106
Telephone: (347) 687-2019
Cmulhollandesq@gmail.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SANDRA URIBE,

               *Plaintiff*,

-against-

ELAHI LLC D/B/A WISE DRUGS, and ADNAN SHAHID

               *Defendants.*

-------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No: 24-cv-7182**

SANDRA URIBE ("Plaintiff") by and through her attorney, Colin Mulholland, Esq., as against ELAHI LLC D/B/A WISE DRUGS and ADNAN SHAHID, (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff is a former employee of ELAHI LLC D/B/A WISE DRUGS at 111-05 Jamaica Avenue Richmond Hill, NY 11418 that was owned and operated by Defendants ELAHI LLC D/B/A WISE DRUGS and ADNAN SHAHID.

2.    Defendants own, operate, and/or controlled a drug store and general store called Wise Drugs that they operate with the corporation ELAHI LLC D/B/A WISE DRUGS at 111-05 Jamaica Avenue Richmond Hill, NY 11418.

1

3.    Plaintiff SANDRA URIBE was employed by Defendants as a pharmacy tech, cashier and general laborer where she processed orders from medical offices, patients, and customers for prescriptions, regular sales of inventory, placed orders for inventory, cleaned the store, placed stock on shelves, organized deliveries of supplies and more.

4.    At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours she worked each week.

5.    Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for wage violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL")," and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146. including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

8. Plaintiff SANDRA URIBE ("Plaintiff URIBE") is an adult individual residing in Queens, NY. Plaintiff URIBE was employed by Defendants from approximately December 2001 until February 29, 2024.

9. ELAHI LLC D/B/A WISE DRUGS is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 111-05 Jamaica Avenue Richmond Hill, NY 11418.

10. ELAHI LLC D/B/A WISE DRUGS was a closely held corporation owned and operated by Defendant ADNAN SHAHID.

11. Defendant ADNAN SHAHID is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ADNAN SHAHID is being sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

12. Defendant ADNAN SHAHID possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

13. Defendant ADNAN SHAHID determined the wages and compensation of the employees of Defendants, including Plaintiff.

14. Defendant ADNAN SHAHID was the person who directly hired Plaintiff and authorized her to work for the business.

15. Defendant ADNAN SHAHID issued pay to Plaintiff.

16. Defendant ADNAN SHAHID had the power to hire and fire Plaintiff, and did so.

17. Defendant ADNAN SHAHID disciplined Plaintiff.

18. Defendant ADNAN SHAHID supervised the employees and daily operations in ELAHI LLC D/B/A WISE DRUGS.

19. Defendant ADNAN SHAHID authorized and directed Plaintiff to open the drug store on his behalf many days out of the year and provided her with the necessary security clearances.

20. Defendant ADNAN SHAHID required Plaintiff to keep him apprised daily of the sales at the business via text, calls and personal discussions on a daily basis.

21. Defendant ADNAN SHAHID controlled and/or supervised the payroll practices of ELAHI LLC D/B/A WISE DRUGS.

22. Defendant ADNAN SHAHID discharged Plaintiff and set her schedule.

23. Defendant ADNAN SHAHID monitored Plaintiff's schedule by requiring her to make regular reports to him by text and phone call.

24. Defendant ADNAN SHAHID willfully and maliciously failed to document Plaintiff's hours in order to hide their wage violations and directed the pay practices at issue in this lawsuit by issuing pay in a mixture of cash and check to Plaintiff.

25. Defendant ADNAN SHAHID directly and personally directed and instructed Plaintiff on how to process pharmacy and sales transactions for his business.

26. Defendant ADNAN SHAHID supervised Plaintiff on a daily basis on what tasks he wanted her to perform at the pharmacy including but not limited to which orders to take, which orders to give priority and how to document her transactions for the business, inter alia.

27. Defendant ADNAN SHAHID himself set Plaintiff's pay rate at $22.00 per hour and then $24.00 per hour without a premium for her overtime hours, as further described below.

28. Defendant ADNAN SHAHID was the final word and authority person with whom Plaintiff complained about her pay and work related issues including but not limited to her pay rate and vacation time.

29. Defendant ADNAN SHAHID set and altered Plaintiff's schedules by setting her entry and exit times specifically telling Plaintiff that she was obligated to work for between 9 and 10 hours a day for between five to six days per week and to typically start work at 9:30 A.M. and to leave by 7:00 P.M. during the weekdays and further told Plaintiff that she needed to work additional hours on Saturdays.

30. Defendant ADNAN SHAHID disciplined and admonished Plaintiff about her work performance such as by verbally admonishing her and controlling work assignments.

31. Defendant ADNAN SHAHID had the final word on all decisions at the drug store including which executory contracts to enter into for the business, including but not limited to the lease and contracts with medical offices and insurers, inter alia.

32. Defendant ADNAN SHAHID supervised the operations of the drug store including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work at the business by personally communicating with Plaintiff and the managers he hired.

33. Defendant ADNAN SHAHID controlled the payroll records and pay practices of the drug store including the operating accounts from which Plaintiff was paid.

34. Defendant ADNAN SHAHID controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

35. Defendant ADNAN SHAHID was the person who controlled payroll funds for employees including Plaintiff.

**FACTUAL ALLEGATIONS**

36. Defendants are associated and joint employers, act in the interest of each other.

37. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

38. Defendants are experienced business operators and willfully and malicious failed to pay Plaintiff correctly as an intentional business practice.

39. Defendants knew or should have known of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

40. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL. In the alternative, Defendants constitute a single employer of Plaintiff based on the joint operations and ownership between the locations where Plaintiff worked for the common benefit of the Defendants.

41. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

42. In the years 2020 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) based on Plaintiff's personal observation of the level of sales she observed in her position as cashier and pharmacy tech on a daily basis.

43. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous supplies, drug items and cleaning items were used and sold daily at ELAHI LLC D/B/A WISE DRUGS, such as chemicals, medicine, paper goods, packaging and all other merchandise as well as cleaning supplies and packing supplies used by staff.

44. Plaintiff was individually engaged in interstate commerce by virtue of her processing of credit card transactions on behalf of the Defendants and ordering supplies from out of state vendors directly to the business such as drugs and other medicine, inter alia.

*Plaintiff SANDRA URIBE*

45. Plaintiff URIBE was employed by Defendants from approximately 2013 until February 29, 2024.

46. Plaintiff worked as a pharmacy technician and cashier.

47. Throughout her employment with defendants, Plaintiff URIBE was employed at ELAHI LLC D/B/A WISE DRUGS as a pharmacy technician and cashier.

48. Plaintiff URIBE regularly handled goods in interstate commerce, such as medicine, chemicals, paper goods and other supplies produced outside the state of New York.

49. Plaintiff URIBE's work duties required neither discretion nor independent judgment.

50. Plaintiff URIBE regularly worked in excess of 40 hours per week.

51. Between 2017 and June 2023, in each week that she worked during that time period, Plaintiff was assigned to work by the Defendants and did in fact work six (6) days per week for nine and a half hours each day from Monday through Friday, typically starting from 9:30 A.M. to 7:00 P.M. on each weekday, and then 9:30 A.M. until 2:30 P.M. on Saturday (a total of 52.5 hours with 12.5 overtime hours) .

52. Between June 2023 until the end of her employ, in each week that she worked during that time period, Plaintiff was assigned to work by the Defendants and did in fact work five (5) days per week for nine and a half hours each day from Monday through Friday, typically

starting from 9:30 A.M. to 7:00 P.M. on each weekday (a total of 47.5 hours with 7.5 overtime hours).

53. Defendants failed to keep contemporaneous records of the days and times that Plaintiff worked and thus Plaintiff is forced to rely on her recollection.

54. From 2017 through February 2022, Defendants paid Plaintiff a straight time rate of $22.00 an hour for all hours worked without a premium for her overtime hours. Thus, Defendants only paid Plaintiff $1,155.00 for a six-day week when Plaintiff worked 52.5 hours when they should have paid Plaintiff another $137.50 in overtime premiums (depending on the method of calculation endorsed by the Court)

55. From March 2022 until the end of her employ, Defendants paid Plaintiff a straight time rate of $24.00 an hour for all hours worked without a premium for her overtime hours. Thus, Defendants only paid Plaintiff $1,260.00 for a six-day week when Plaintiff worked 52.5 hours when they should have paid Plaintiff another $150.00 in overtime premiums (depending on the method of calculation endorsed by the Court). Furthermore, Defendants only paid Plaintiff $1,140.00 for a five-day week when Plaintiff worked 47.5 hours when they should have paid Plaintiff another $90.00 in overtime premiums.

56. In addition to the above schedules, in each 2021, 2022 and 2024, Defendants operated without a pharmacy supervisor and Plaintiff URIBE often had to work longer shifts and on average an additional ten (10) hours per week for two to three weeks per month within 2021, 2022 and 2024. She was still paid her straight time rate without a premium for her overtime hours.

57. No notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

58. Defendants never provided Plaintiff with each payment of wages an accurate

8

statement of wages, as required by NYLL 195(3).

59. Defendants never provided Plaintiff URIBE, any notice in English and in Spanish (Plaintiff URIBE's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60. Plaintiff suffered harm because of the failure to receive notices by undermining her ability to precisely monitor her hours worked and pay received which would have enabled her to better advocate for her unpaid overtime hours and compromised her ability to document her income and employment history.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

63. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

67. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

68. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

69. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

70. Defendants failed to provide Plaintiff with written notices, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

71. Defendants failure to provide Plaintiff with a written notice resulted in Plaintiff working for years without knowledge of their correct pay frequency and overtime rate.

72. Because Plaintiff did not receive required information in the form of a notice containing their correct overtime rate Defendant, was able to pay them without proper overtime premium.

73. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying the overtime wage.

74. Plaintiff was denied their ability to proper document their hours worked and pay received and their ability to document their income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

75. Plaintiff has also been denied the ability to properly document their employment and income history

76. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

77. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

78. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

79. Defendants failure to provide Plaintiff with a written notice resulted in Plaintiff working for years without knowledge of their correct pay frequency and overtime rate.

80. Because Plaintiff did not receive required information in the form of a notice containing their correct overtime rate Defendant, was able to pay them without proper overtime premium.

81. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying the overtime wage.

82. Plaintiff was denied their ability to proper document their hours worked and pay received and their ability to document their income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

83. Plaintiff has also been denied the ability to properly document their employment and income history

84. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages

for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(n) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
       May 6, 2025

By:     */s/ Colin Mulholland*
        Colin Mulholland, Esq.
        36-36 33rd Street, Suite 308
        Astoria, New York 11106
        Telephone: (347) 687-2019
        *Attorney for Plaintiff*