# Emanuel Kataev, Esq., P.C.

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

July 18, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Hector Gonzalez, U.S.D.J.
225 Cadman Plaza East
Courtroom 6A South
Brooklyn, NY 11201-1804

      *Re:*    Uribe v. Elahi LLC, *et ano.*
              Case No.: 1:24-cv-7182 (CLP)
              <u>Letter Response in Opposition to Plaintiff's Motion to Compel</u>

Dear Judge Gonzalez:

      This office represents the Defendants in the above-referenced case. Defendants respectfully submit this letter response in opposition to Plaintiff's motion to compel.

**<u>Relevant Factual Background</u>**

      Plaintiff commenced this case on October 11, 2024. <u>See</u> ECF Docket Entry 1. Defendants appeared by undersigned counsel on February 13, 2025. <u>See</u> ECF Docket Entry 7. After waiving service of process, on April 13, 2025, Defendants moved by letter motion for a pre-motion conference in anticipation of their motion to dismiss for failure to state a claim upon which relief can be granted. <u>See</u> ECF Docket Entries 9 and 12. On April 21, 2025, Plaintiff opposed and requested an opportunity to amend the complaint. <u>See</u> ECF Docket Entry 15.

      The following day, this Court directed Plaintiff to file an amended pleading by May 6, 2025 and Defendants to file a short letter on or before May 13, 2025 indicating whether Defendants intend to move to dismiss Plaintiff's amended complaint. <u>See</u> Text Only Order dated April 22, 2025. Plaintiff so filed his amended complaint on May 6, 2025 and Defendants filed a short letter as directed a day early. <u>See</u> ECF Docket Entries 16 and 17.

      The parties have not received any further direction from the Court as to Defendants' anticipated motion to dismiss since that date.

      On April 21, 2025, the parties timely filed a joint letter with a proposed civil case management plan in accordance with this Court's April 14, 2025 status report Order. <u>See</u> ECF Docket Entries 13, 14, and 14-1. Plaintiff also submitted damages calculations as required by the same Order, indicating alleged damages totaling $86,250.00 inclusive of liquidated damages. <u>See</u> ECF Docket Entry 14-2.

      The following day, this Court adopted the parties proposed civil case management plan. <u>See</u> Text Only Order dated April 22, 2025 (hereinafter the "Scheduling Order").

The Scheduling Order required Plaintiff to make a settlement demand by May 5, 2025[1] and for the parties to complete mediation by June 30, 2025.  See ECF Docket Entry 14-1 at 5.  The parties were similarly required to serve requests for production and interrogatories on May 5, 2025.  Id. at 6.  Plaintiff served his demands on May 5, 2025 at 5:00 PM; Defendants served their demands on May 6, 2025 at 12:34 AM.

On May 6, 2025, your undersigned forwarded Plaintiff's discovery demands to Defendants, whereupon your undersigned was informed that he was out of the country until the end of June.

**Plaintiff's Letter Motion to Compel Must be Denied as Premature**

Plaintiff failed to meet-and-confer as required by Rule 37.  See Caccavale v. Hewlett-Packard Co., No. 20- CIV.-974 (GRB) (AKT), 2021 WL 12306166, at *2 (E.D.N.Y. July 13, 2021) ("the Court finds that the parties did not spend enough time fulfilling their obligations [to meet and confer prior to raising a discovery dispute] in conformity with Fed. R. Civ. P. 37(a)(1)'").

Plaintiff's letter motion states that he raised "the issue" with Defendants on several occasions, including but not limited to on June 17, 2025 in person and by phone on July 7, 2025.  This Court found, as a result, that "Plaintiff's letter indicates adequate efforts to meet and confer with Defendants."  If looks could kill.

While it is true that your undersigned met with Plaintiff's counsel in person on June 17, 2025, this was for another case that the parties recently settled, and the parties only discussed mediation during that in-person meeting on the way out of the courtroom, *not* discovery.  The same is true for the parties' telephonic conference on July 7, 2025, where mediation was discussed, and discovery only referenced in passing, with your undersigned explaining that Defendants' principal was out of the country until the end of June and that your undersigned was preparing for an evidentiary hearing before the Hon. Lewis J. Liman, U.S.D.J. in Legacy Restoration, LLC v. Barajas, Case No.: 1:25-cv-5319 (LJL) (OTW).

The parties thus did not conduct any meaningful meet-and-confer as is envisioned by Rule 37.  Further, Plaintiff failed to reach out to the agreed-upon mediator we selected after agreeing to mediate, and is now past the June 30, 2025 deadline to do so.

In light of the foregoing failure to meet-and-confer as required, Plaintiff's motion should be denied as premature, and Plaintiff should be directed to meaningfully do so prior to seeking court intervention.[2]

---

[1] Plaintiff only provided his settlement demand on June 5, 2025, an entire month late.

[2] Notwithstanding this failure, your undersigned has been in contact with Defendants to properly respond to Plaintiff's discovery demands.  Regrettably, due to the hearings before Judge Liman which took the entire day on July 9, 2025 and July 16, 2025, your undersigned has been unable to do so following Defendants' principal's return to the United States.

Further, rather than wasting precious Court resources and the parties' time and money on motion practice (discovery for Plaintiff and the anticipated motion to dismiss for Defendants), it is respectfully submitted that the parties should focus their efforts instead on mediation, especially in light of the relatively low value of this case given the damages chart provided by Plaintiff.  See Fed. R. Civ. P. 1 (providing that the Rules should be construed and employed by the Court to secure the just, speedy, and inexpensive determination of every proceeding).

Based on the foregoing, Defendants respectfully submit that Plaintiff's letter motion to compel must be denied as premature.

Defendants thank this Court for its time and attention to this case.

Dated: Jamaica, New York
       July 18, 2025

       Respectfully submitted,
**SAGE LEGAL LLC**
  _/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc
*Attorneys for Defendants*
*Elahi LLC d/b/a Wise Drugs*
*and Adnan Shahid*

**VIA ECF**
All counsel of record