UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANDRA URIBE,

            Plaintiff,

    v.

ELAHI LLC d/b/a WISE DRUGS, and
ADNAN SHAHID,

            Defendants.

**MEMORANDUM & ORDER**
24-CV-07182 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Sandra Uribe brings this action against her former employers, Elahi LLC ("Wise Drugs") and Adnan Shahid ("Shahid") (collectively, "Defendants"). ECF No. 16 ¶¶ 1–3 (Amended Complaint or "AC").[1] Plaintiff claims that Defendants willfully failed to compensate her for overtime hours she worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") §§ 190 *et seq.*, §§ 650 *et seq.* AC ¶¶ 3–5, 62–63, 66–67. Plaintiff also claims that Defendants violated the wage statement provisions and notice and recordkeeping requirements of the NYLL § 195. AC ¶¶ 5, 70, 78.

    Defendants filed a pre-motion letter in advance of an anticipated motion to dismiss. ECF No. 12 (Pre-Motion Letter to Dismiss, "Mot."). In response to the issues raised in Defendants' pre-motion letter, Plaintiff filed a response in opposition, ECF No. 15 (Letter in Opposition, "Opp'n"), and after obtaining leave from the Court to amend, filed her Amended Complaint. Shortly thereafter, Defendants informed the Court that they "have reviewed Plaintiff's first

---

[1]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Unless otherwise indicated, when quoting cases and the parties' papers, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

amended complaint and respectfully submit that they intend to move to dismiss same." ECF No. 17.  In accordance with Section IV.A.13 of the Court's Individual Practices, the Court exercises its discretion to convert Defendants' pre-motion letter into their motion to dismiss.[2]  For the reasons explained below, the Court DENIES the motion.

## BACKGROUND[3]

Wise Drugs is a pharmacy in Queens, owned and operated by Adnan Shahid.  AC ¶¶ 2, 9–12.  Typical of a pharmacy, Wise Drugs sells a variety of items, including medicine, chemicals, paper goods, and supplies produced outside of New York state.  *See id.* ¶¶ 43, 48.  From 2013 to 2024, Shahid and Wise Drugs employed Plaintiff as a pharmacy technician and cashier.  *Id.* ¶¶ 45–47.  As a pharmacy technician and cashier, Plaintiff processed prescriptions, orders, sales, and credit card transactions from medical offices, patients, and customers.  *See id.* ¶¶ 3, 44.  She placed orders for inventory, including from out-of-state vendors; organized supply deliveries; stocked shelves; cleaned the store; opened the store in the morning; and kept Shahid apprised of daily sales.  *See id.* ¶¶ 3, 19, 20, 26, 44.

Although Plaintiff regularly worked more than 40 hours per week, Defendants did not pay her more for overtime hours.  *See id.* ¶¶ 50–52, 54–55.  They paid her a flat hourly rate for

---

[2]   Courts may construe pre-motion letters as the motions themselves, under appropriate circumstances.  *See Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019).  Having considered the directives in *International Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54–56 (2d Cir. 2022), conversion is appropriate in this case because this decision does not dismiss any claim, the parties' letters have sufficient length and detail, Defendants have had sufficient opportunity to make the arguments necessary to preserve their motion for appellate review, there is a clear lack of merit to Defendants' arguments, and resolving the motion in this posture will save both the Court and the parties substantial resources by avoiding full briefing.

[3]   The court draws the following facts from the Amended Complaint.  The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts."  *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

all hours worked. *Id.* ¶¶ 54–55. From 2017 to February 2022, the rate was $22 per hour; from March 2022 to February 2024, the rate was $24.00 per hour. *Id.* Defendants paid Plaintiff by cash or check. *Id.* ¶ 24. They never provided her with an accurate statement of wages, and they failed to keep contemporaneous records of the days and times she worked. *Id.* ¶¶ 53, 58. Nor did Defendants provide any notice in English and Spanish (Plaintiff's primary language) with the information required by NYLL § 195(1)—like her rate of pay or the regular pay day designated by the employer. *Id.* ¶ 59. Indeed, Defendants' failure to provide Plaintiff with such notices undermined her ability to monitor her hours worked and pay received and advocate for her unpaid hours; and compromised her ability to document her income and employment history. *Id.* ¶¶ 60, 74, 82, 83. Because they did not provide Plaintiff with notice of her correct overtime rate, Defendants were able to underpay her for years. *Id.* ¶¶ 60, 71–73, 79–81.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Although all factual allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*.

In addition to requiring sufficient factual matter to state a plausible claim for relief, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide a short, plain statement

3

of the claim against the defendant so that he or she has adequate notice of the claims being asserted. *See Iqbal*, 556 U.S. at 677–78 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678. To satisfy this standard, the complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

## **DISCUSSION**

In moving to dismiss Plaintiff's overtime compensation claims, Defendants argue that Plaintiff insufficiently alleges (i) specific overtime hours worked, and (ii) that Shahid is subject to individual liability under the FLSA. *See* Mot. at 2.[4] As for Plaintiff's NYLL claims, Defendants urge the Court to decline to exercise supplemental jurisdiction. *Id.* Because the Court finds that the Amended Complaint adequately alleges Plaintiff's FLSA claims, it has supplemental jurisdiction over Plaintiff's state law claims.[5]

---

[4] Defendants also argue that Plaintiff fails to plead minimum wage claims and wage-and-hour claims. *See* Mot. at 2. However, this point is moot because the Amended Complaint no longer asserts minimum wage or spread of hours claims.

[5] Although Defendants do not raise the issue of standing, the Court has an independent duty to determine *sua sponte* whether Plaintiff has standing. *See, e.g.*, *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021). With respect to Plaintiff's NYLL § 195 claims, the Court finds that Plaintiff adequately alleges a "causal connection between the lack of accurate notices and the downstream harm" sufficient to establish Article III standing under *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308 (2d Cir. 2024). However, the Court warns Plaintiff that her "burden to demonstrate standing increases over the course of litigation." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011). That means that at trial, the specific facts set forth by Plaintiff to support standing for her § 195 claims "must be supported adequately by the evidence adduced at trial." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). In the absence of such evidence, the Court would have to dismiss these claims, as they would fall outside of its subject-matter jurisdiction. *See Vera v. Republic of Cuba*, 867 F.3d 310, 316 (2d

4

I.  **Overtime Hours Worked**

The FLSA requires a covered employer who employs an employee for a workweek longer than forty hours to compensate that employee at a rate at least one and one-half times the regular rate at which she is employed.  *See* 29 U.S.C. § 207(a)(1).  Any employer who violates this FLSA provision "shall be liable to the employee [] affected in the amount of their unpaid . . . overtime compensation . . . and in an additional equal amount as liquidated damages." *Id.* § 216(b).

A plaintiff bringing a FLSA overtime claim "must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 114 (2d Cir. 2023).[6]  Merely alleging that the plaintiff worked over forty hours "in some or all workweeks" is insufficient.  *Id.*  However, "the plaintiff need not keep careful records of the number of hours worked each week or calculate and plead their hours with mathematical precision." *Id.*  "[A] complaint need not even set forth the approximate number of unpaid regular and overtime hours allegedly worked[.]" *Id.*  The Second Circuit has made clear that plaintiffs who plausibly allege that they worked over forty hours for multiple weeks without overtime pay are not required to provide a week-by-week recounting of the hours they worked.  *See id.* at 115.

---

Cir. 2017) (Without subject-matter jurisdiction, "[f]ederal courts may not proceed at all in any cause.").

[6]   Defendants correctly note that the NYLL incorporates the FLSA's definition of overtime and adopts the same standard.  *See* Mot. at 2.  "[T]he pleading standards for FLSA overtime claims apply equally to NYLL state law claims." *Roma v. David Carmili, Physician, P.C.*, 761 F. Supp. 3d 481, 487 (E.D.N.Y. 2024) (citing *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 n.5 (2d Cir. 2013)).

5

The Amended Complaint alleges that, from 2017 to June 2023, Plaintiff regularly worked six days per week. AC ¶¶ 50–51. On Monday through Friday, her shifts were from 9:30 A.M. to 7:00 P.M., and on Saturday, her shifts were from 9:30 A.M. to 2:30 P.M. *Id.* Her weekly hours totaled 52.5 total hours, 12.5 of which were overtime hours. *Id.* From June 2023 through February 2024, Plaintiff regularly worked five days per week, Monday through Friday, from 9:30 A.M. to 7:00 P.M. *See id.* ¶¶ 8, 50, 52. Her weekly hours totaled 47.5 hours, with 7.5 hours of overtime. *Id.* ¶ 52. These allegations alone "get[] us beyond forty hours in any given workweek, and therefore to a plausible claim of overtime." *Herrera*, 84 F.4th at 115. The Amended Complaint also alleges that, when Defendants operated without a pharmacy supervisor in 2021, 2022, and 2024, Plaintiff often had to work longer shifts for two or three weeks per month. AC ¶ 56. On such weeks, she worked an average of 10 additional hours per week, without being paid a premium for her overtime hours. *Id.* "Viewed singly or together, these allegations carry [Plaintiff] over the forty-hour bar and permit [me] to infer that [she was] entitled to overtime under the FLSA." *Herrera*, 84 F.4th at 115.

Defendants argue that Plaintiff's allegations of hours worked are "approximated" and "made in the aggregate," Mot. at 1, and that she "fails to identify a single week in which she worked and was not paid . . . any overtime compensation[,]" *id.* at 2. But as the Second Circuit has explained, "[t]he level of specificity that the Defendants demand goes too far," and "would generate voluminous, tedious complaints and compel plaintiffs to record their work schedules with a level of precision and care at odds with our admonition that plaintiffs in FLSA cases are not obligated" to keep and plead. *Herrera*, 84 F.4th at 116.

Defendants also argue that Plaintiff "fails to allege how much [she] was paid, other than allegations that she was generally paid either $22.00 or $24.00 per hour[.]" Mot. at 1. Again,

6

Defendants demand far more than what is required. "[T]o state an FLSA overtime claim, a plaintiff must allege only that she worked longer than forty hours of compensable time in a workweek, and that she was not properly compensated for that overtime." *Zokirzoda v. Acri Cafe Inc.*, No. 18-cv-11630, 2020 WL 359908, at *2 (S.D.N.Y. Jan. 22, 2020) (finding sufficient allegation that plaintiffs worked at least 80 hours per week, from 12–18 hours per day, but received only $40 per day).

Here, Plaintiff alleges that from 2017 through February 2022, Defendants paid her a flat rate of $22.00 an hour for all hours worked, AC ¶ 54, and from March 2022 until the end of her employment, they paid her a flat rate of $24.00 an hour for all hours worked, *id.* ¶ 55. Throughout these seven years, she regularly worked over 40 hours a week, without a premium for her overtime hours. *See id.* ¶¶ 8, 50–56. Accordingly, Plaintiff's allegations are sufficient to state a claim for failure to pay overtime compensation in violation of the FLSA and the NYLL.

## II. Defendant Shahid's Individual Liability

Under FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "An individual may be liable as an employer under the FLSA so long as he exercises 'operational control' over the employee in question, . . . and individuals who are found to be 'employers' under the FLSA may be held jointly and severally liable to the plaintiff." *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 368 (E.D.N.Y. 2022). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013). Whether an individual's actions rise to this level depends on the totality of circumstances. *See id.* at 104, 110. Courts consider factors such as whether the alleged employer: "(1) had the power to hire

and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 104–05 (citing *Carter v. Dutchess Community College,* 735 F.2d 8 (2d Cir. 1984)).

Here, Plaintiff's allegations regarding Defendant Shahid satisfy all four *Carter* factors. The Amended Complaint alleges that Shahid possessed operational control over, and controlled significant functions of, Wise Drugs. AC ¶ 12. Shahid had the final word on all decisions at Wise Drugs, including which contracts (*e.g.*, leases, contracts with medical offices and insurers) the business entered into, *id.* ¶ 31. He controlled Wise Drugs' revenue and authorized all purchases for inventory. *Id.* ¶ 34. He supervised daily operations and employees, *id.* ¶ 18; hired and fired employees, including managers, *id.* ¶¶ 16, 22, 32; determined employees' wages and compensation, *id.* ¶ 13; controlled and supervised the payroll practices, *id.* ¶ 21; and controlled payroll funds and the operating accounts from which Plaintiff was paid, *id.* ¶¶ 21, 33, 35.

Shahid was the person who hired Plaintiff and authorized her to work for Wise Drugs. *Id.* ¶ 14. Shahid set her pay rate and work schedules—specifically instructing her that she was obligated to work 9–10 hours a day, five to six days per week, from 9:30 A.M. to 7:00 P.M. (on weekdays) with additional hours on Saturdays. *Id.* ¶¶ 22, 27, 29. He authorized and directed her to open Wise Drugs on his behalf many days of the year, providing her with the necessary security clearances. *Id.* ¶ 19. He instructed her on how to process pharmacy and sales transactions for his business, *id.* ¶ 25; required Plaintiff to keep him apprised of the daily sales at Wise Drugs through texts, calls, and personal discussions, *id.* ¶ 20; and supervised Plaintiff with respect to which tasks he wanted her to perform at the pharmacy, which orders to take and prioritize, and how to document transactions for the business, *id.* ¶ 26.

8

Shahid monitored Plaintiff's work schedule and required her to regularly report to him by text and phone call, *id.* ¶ 23; controlled her work assignments, *id.* ¶ 30; and disciplined and admonished Plaintiff about her work performance, *id.* ¶¶ 17, 30.  He was the person who paid Plaintiff, *id.* ¶ 15, and to whom she complained about her pay and work-related issues, including pay rate and vacation time, because he had the final word on these issues, *id.* ¶ 28.  Shahid was also the one who fired her.  *See id.* ¶ 16.

Although Defendants argue that Plaintiff "only makes conclusory allegations that [Shahid] hired, fired, set wages and schedules, as well as maintained employment records, without more," Mot. at 2, the Court disagrees.  The Amended Complaint sufficiently pleads that Shahid exercised operational control over Plaintiff and was therefore her employer within the meaning of the FLSA.

## **CONCLUSION**

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss.  *See* ECF No. 12.

SO ORDERED.

                                               */s/ Hector Gonalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
       July 29, 2025