UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SANDRA URIBE,

                                                                                         Civil Action No. 24-cv-7182
                                                                                               (HG) (CLP)



ELAHI LLC D/B/A WISE DRUGS, and
ADNAN SHAHID                                                JOINT PRE-TRIAL ORDER

-------------------------------------------------------------------X

        Pursuant to the Order of the Hon. Hector Gonzalez, U.S.D.J., the parties respectfully submit this Joint Pretrial Order.[1] The following matters were discussed and agreed to by counsel for Plaintiff and Defendants, and are hereby Ordered:

        1.        **Parties and Counsel**

For Plaintiff
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, NY 11106
Tel: (347) 687-2019

For Defendants
Emanuel Kataev, Esq.
Sage Legal LLC
18211 Jamaica Avenue
Jamaica, NY 114232327
718-412-2421
Fax: 718-489-4155
Email: emanuel@sagelegal.nyc

        2.        **Jurisdiction**

Plaintiff's Basis For Subject Matter Jurisdiction

---

[1] The parties respectfully submit that because they have finalized their settlement and submitted a joint letter motion for settlement approval, the parties need not go forward to trial. See Fed. R. Civ. P. 1. However, in an effort to comply with this Court's Order, the parties submit the instant joint pretrial Order.

This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a). Plaintiffs bring federal claims under the Fair Labor Standards Act and transactionally related state law claims.

### 3. **Claims and Defenses**

Plaintiff's Claims

This is an action for money damages brought by Plaintiff alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and overtime wage orders of the New York Commission of Labor codified including at N.Y. Comp. Codes R. & Regs. tit. 12, §142. Plaintiff asserts the following claims, all of which remain to be tried.

1. **Violation of the Overtime Provisions of the FLSA**. Plaintiff alleges that Defendants were his employers and failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week. 29 U.S.C. §§ 207, 216, 255(a).

2. **Violation of the New York Overtime Provisions.** Plaintiff alleges that Defendants were his employers and failed to pay him the applicable overtime wage rate for all hours above 40 worked in a week. NYLL §§190, et seq.; 12 NYCRR §146-1.4.

3. **Violations of Notice and Record Keeping Violations:** Plaintiff alleges that Defendant failed to issue the proper wage notices and wage statement required by the NYLL.

Defendants' Defenses

Defendants challenge the amount of hours Plaintiff worked, the term of her employ, and the amount of pay she received.

### 4. **Jury or Bench Trial**

Plaintiff's position: Plaintiff has demanded a jury trial.

<u>Defendants' position</u>:  In light of Plaintiff's demand pursuant to Rule 38(b), Defendants agree that a jury trial would be appropriate.

The parties jointly submit that a trial would take an estimated two to three (2-3) days.

    **5.**    **<u>Consent to Trial by a Magistrate Judge</u>**

No.

    **6.**    **<u>Statement of Relief Sought</u>**

**<u>Plaintiff:</u>**

    (a)    Declaring that Defendants violated the overtime provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

    (b)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

    (c)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

    (d)    Awarding Plaintiffs damages for the amount of unpaid overtime, late payments and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    (e)    Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, missing payments, late payments and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

    (f)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

    (g)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

    (h)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

    (i)    Enjoining Defendants from future violations of the NYLL;

(j)     Awarding Plaintiffs damages for the amount of unpaid overtime wages, late payments, missing payments and other damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of missing overtime wages, late payments, missing payments and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 and 19 as applicable;

(l)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(m)     Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(n)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

All such other and further relief as the Court deems just and proper

**Defendant:**

Dismissal of the complaint with prejudice.

**7.     Witnesses**

Plaintiff's Witnesses
.

| Witness Name | Description of Testimony | Objection and Basis for Objection |
|---|---|---|
| Sandra Uribe | Plaintiff, she will testify regarding his hours worked and pay received, scope and size of the business, *inter alia*. | |
| Adnan Sahid | Defendant, she will testify about the hours worked by the Plaintiffs and their pay received, *inter alia*. | |

| | | |
|---|---|---|
| **Richard Qi** | former Pharmacist of Defendants, regarding hours worked, pay received, term of employ and duties | FRE 403 |
| **Sahebzafa Mustafa** | Pharmacist - regarding hours worked, pay received, term of employ and duties | FRE 403 |
| **Spasana Rashid a/k/a Sana Rashid** | Pharmacy supervisor - regarding hours worked, term of employ and duties | FRE 403 |
| **Dr. Francesco Passareli** | regarding hours worked, pay received, term of employ and duties | FRE 403 |
| **Lilliam Uribe** | daughter of Plaintiff regarding hours worked, pay received, term of employ, | FRE 403 |
| **Tiffany Uribe** | Daughter of Plaintiff regarding hours worked, pay received, term of employ, | FRE 403 |
| **Wendy Doe** | former customer, regarding term of employ and hours worked | FRE 403 |
| **Carolina Roca** | former pharmacist - regarding hours worked, pay received, term of employ and duties | FRE 403 |
| **Gladys Buzon** | former co-worker regarding regarding hours worked, pay received, term of employ and duties | FRE 403 |

| Carmenza Diaz | former customer and neighbor regarding hours worked | FRE 403 |
|---|---|---|
| Diana Gomez | former pharmacist regarding regarding hours worked, pay received, term of employ and duties | FRE 403 |
| Yenny Duarte | former customer regarding hours worked and term of employ | FRE 403 |
| Saima Rehman | regarding hours worked, pay received, term of employ and dutie | FRE 403 |
| Lou Gazzale | owner of building, testify regarding terms of employ and hours worked | FRE 403 |
| Veronica Batista | hours worked, term of employ | FRE 403 |
| Diana Sabet | former pharmacist regarding regarding hours worked, pay received, term of employ and duties | FRE 403 |
|  |  |  |

Defendants' Witnesses

    a.    Adnan Shahid will testify the hiring process, the employment of the Plaintiff, the wages paid to the Plaintiff, and the hours worked by the Plaintiff; and

    b.    Saquib Shahid

    c.    All witnesses named by Plaintiff.

**8.** **Deposition Testimony**

No depositions were taken.

9. **Stipulations of Fact:**

   1. The parties agree that the Complaint was filed on October 11, 2024.
   2. 

10. **Exhibits**

Plaintiff's Exhibits

| Exhibit | Objection | Basis for Objection |
|---|---|---|
| P1: Elahi Pay Checks | | |
| P2: Elahi Pay Stubs | | |
| P3 – WhatsApp Transcript with Adnan Shahid | | |
| P4 – WhatsApp Transcript with Sadia | FRE 403 | Relevance to the extent it includes conversations that do not demonstrate hours worked and/or wages paid |
| P5 – WhatsApp Transcript with Saqib | FRE 403 | Relevance to the extent it includes conversations that do not demonstrate hours worked and/or wages paid |
| P6 – Screenshot of WhatsApp Conversations | FRE 1002 | The actual whatsapp conversation should be produced |
| P7 – Plaintiff Photos | FRE 403 | Relevance to the extent it includes conversations that do not demonstrate hours worked and/or wages paid |

Defendants' Exhibits

|    | EXHIBIT          | OBJECTION | SUPPORTING AUTHORITY |
|----|------------------|-----------|----------------------|
| DA | D1-D138 (paystubs) |         |                      |
| DB | WhatsApp messages  |         |                      |

**11.  Motions in Limine**

Plaintiff:

None

Defendants

None; reserved for trial.

## RESERVATION OF RIGHTS

Subject to the ruling of this Court, Plaintiff and Defendants, by and through counsel, reserve their respective rights to amend and to supplement this Pre-Trial Order with additional exhibits, witnesses, and objections.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to object to any of Plaintiff's or Defendants' exhibits which have not been provided to either party.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to offer for evidence any items, information, and documents exchanged during discovery or obtained pursuant to authorization or subpoena.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to object to Plaintiff's or Defendants' witnesses and exhibits based on relevancy or other evidentiary grounds.

Dated: _____, 2025

                                                          _____
                                                         Hon. Hector Gonzalez
                                                         United States District Court Judge

Approved and Consented to:

Colin Mulholland, Esq.
*Attorney for the Plaintiff*
36-36 33rd Street, Suite 308
Astoria, NY 11106



By: _____
           Colin Mulholland

Emanuel Kataev, Esq.
Sage Legal LLC
18211 Jamaica Avenue
Jamaica, NY 114232327
718-412-2421 (office)
718-489-4155  (facsimile
emanuel@sagelegal.nyc



By: _____
           Emanuel Kataev, Esq.