UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANDRA URIBE,

               Plaintiff,

        v.

ELAHI LLC *d/b/a* WISE DRUGS, AND
ADNAN SHAHID,

               Defendants.

**MEMORANDUM & ORDER**
24-CV-07182 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Sandra Uribe brings this action against Defendants Elahi LLC *d/b/a* Wise Drugs and Adnan Shahid, asserting claims of unpaid minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* ECF No. 16 (Am. Compl.) ¶¶ 61–84.[1] The parties have submitted their proposed settlement of Plaintiff's FLSA and NYLL claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 28 (*Cheeks* Mot.). As explained in more detail herein, the Court approves the settlement agreement, under which Plaintiff will receive $26,060 and her counsel will receive $13,940 in attorneys' fees and costs.

**LEGAL STANDARD**

    In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder*

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

*Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)). "When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). "If a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600. In addition, courts should not approve settlements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *See Cheeks*, 796 F.3d at 206.

With respect to attorneys' fees, the fees collected by a plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement. *See Fisher* at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement). This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

**DISCUSSION**

The Court finds that the parties' proposed settlement is fair and reasonable according to *Cheeks* and its progeny. The total settlement amount is $40,000, inclusive of attorneys' fees and costs, of which Plaintiff will ultimately receive $26,060. *See* ECF No. 28-1 ¶ 1 (Proposed Settlement Agreement). The recovery is to be paid across 11 consecutive monthly installments. *See id.* Plaintiff states that her unpaid wages and overtime total $43,260, and her maximum possible recovery, which would include liquidated damages and pre-judgment interests, is $112,699. *See* ECF No. 28-2 (Estimated Damages). Plaintiff's net result under the settlement (excluding attorneys' fees and costs), therefore, amounts to 60% of her unpaid wages and 23% of her best-case scenario recovery.

The Court notes that other courts in this circuit have found a settlement recovery of well below 23% to be "fair and reasonable and in line with other cases approving FLSA settlements in this Circuit." *See Soto v. Triumph Constr. Corp.*, No. 21-cv-2449, 2023 WL 3483753, at *3 (S.D.N.Y. Apr. 26, 2023) (approving a settlement amount around 15% of plaintiff's possible recovery); *see also Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (collecting cases and approving a settlement amount around 13% of plaintiff's potential recovery). This conclusion is further bolstered by the significant risks that Plaintiff would face if she were to continue litigating this action. Accordingly, the Court finds the settlement amount in the instant case to be reasonable in light of Plaintiff's range of possible recovery and the risks of continued litigation.

Moreover, the parties negotiated this settlement at arm's length by participating in the District's Court-Annexed Mediation Program where the parties were represented by experienced counsel. *See* November 25, 2025, Report of Mediation; ECF No. 28 at 10–11. The release that

Plaintiff is giving to Defendants is not overly broad because it is limited to claims "arising solely under" the FLSA, NYLL, and related regulations promulgated by the NYS Commissioner of Labor.  ECF No. 28-1 ¶ 3.  The full settlement has been publicly filed, and it contains no confidentiality provisions, non-disparagement clauses, or provisions limiting Plaintiff's ability to work in the future.  *Id.* at 2–9.[2]

With respect to attorneys' fees, Plaintiff's counsel seeks $13,010 in fees and $930 in costs, consisting of the $405 filing fee, $225 for service of process, and $300 mediation fee, for a total of $13,940.  *See* ECF No. 28 at 4.  The Court evaluates the attorneys' fees as a percentage of Plaintiff's settlement net of costs.  *See Montalvo v. Arkar Inc.*, No. 17-cv-6693, 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) ("When assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net of costs.").  Plaintiff's counsel is seeking a fee that is approximately 33% of the settlement, net of costs.  Although attorneys' fees need not be limited to 33% of the settlement, *see Fisher*, 948 F.3d at 602–03, courts in this Circuit routinely approve settlements that provide attorneys one-third of the settlement fund in FLSA cases.  *See Escobar v. Variedades Belen Corp.*, No. 23-cv-04849, 2024 WL 1259367, at *5 (E.D.N.Y. Mar. 25, 2024) (collecting cases).  Therefore, Plaintiff's counsel's proposed attorneys' fees are reasonable under the percentage method.

As a check on the reasonableness of attorneys' fees, however, courts also calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11-cv-

---

[2]   In light of the analysis herein, the Court accepts the parties' settlement agreement with one exception:  the Court will not retain jurisdiction over the parties subject to the settlement agreement or the action as it pertains to those parties.  *See* ECF No. 28-1 at ¶ 2(a).

3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014).  Plaintiff's counsel, Colin Mulholland, submitted contemporaneous billing records documenting his work on this matter.  *See* ECF No. 28-3 (Lodestar).  Mulholland's time records establish that he worked 19.9 billable hours at an hourly rate of $375.  *Id*.  "The billing records are reasonable for a law firm partner like Mulholland who is an experienced wage and hour litigator."  *See Guerrero v. Jerome Meat & Produce Corp.*, No. 23-cv-3878, 2025 WL 104376, at *3 (S.D.N.Y. Jan. 15, 2025) (approving *Cheeks* motion with the same Plaintiff's counsel and hourly rate).  The lodestar amount is therefore $7,462.5, and the lodestar multiplier is 1.74.  Given that courts "regularly award lodestar multipliers from two to six times lodestar," *Escobar*, 2024 WL 1259367, at *6, the Court finds Plaintiff's requested $13,940 in attorneys' fees and costs to be fair and reasonable.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the parties' motion for settlement approval pursuant to *Cheeks*.  *See* ECF No. 28.  In light of the settlement approval herein, the Court DISMISSES this case with leave to reopen within 60 days if the settlement is not finalized by then.

SO ORDERED.

                                        */s/ Hector Gonzalez*
                                        HECTOR GONZALEZ
                                        United States District Judge

Dated: Brooklyn, New York
        February 19, 2026